UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, as subrogee of PARK PLAZA, INC., DOVE MEDICAL, INC., and DR. TIMOTHY ROBISON and HARTFORD CASUALTY INSURANCE COMPANY, as subrogee of Muskogee Diagnostic Imaging Center<br><br>Plaintiffs,<br><br>vs.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC.<br><br>Defendant. | Case No.: CIV-10-472-FHS |

### PLAINTIFFS, ASSURANCE AND HARTFORD'S RESPONSE IN OPPOSITION TO DEFENDANT, SIEMENS MEDICAL SOLUTIONS USA, INC.'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF CLINT BOLING

Plaintiffs, ASSURANCE COMPANY OF AMERICA, as subrogee of Park Plaza Inc., Dove Medical, Inc., and Dr. Timothy Robison, and HARTFORD CASUALTY INSURANCE COMPANY, as subrogee of Muskogee Diagnostic Imaging Center ("Plaintiffs"), by and through their undersigned counsel and pursuant to the Federal Rules of Evidence, hereby file this Response in Opposition to Defendant, Siemens Medical Solutions USA, Inc.'s Motion in Limine to Exclude the Testimony of Clint Boling and states as follows:

### INTRODUCTION

On December 14, 2011, Plaintiffs amended their Rule 26 disclosures to include Clint Boling as a witness who may have discoverable information. Mr. Boling is an employee of Ricketts Construction, the company that performed repairs at Muskogee Diagnostic Imaging following the subject fire. As such, the following addition was made to Plaintiffs' Rule 26 disclosures: "Clint Boling - Ricketts Construction will provide testimony regarding repair work

1

performed at Muskogee Diagnostic Imaging." [Dkt. 70.]

In its motion, Defendant asks the Court to exclude the testimony of Clint Boling on the grounds Mr. Boling was not identified until December 14, 2011, the day before discovery closed. [Dkt. 80.] Defendant further claims it was prejudiced, because it was effectively prevented from deposing Mr. Bolin in preparation for trial. [Dkt. 80.] However, Mr. Boling was identified during the discovery process as early as August 8, 2011. In any event, Defendant has not been prejudiced in such a manner that warrants the exclusion of Mr. Boling's testimony.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(a) requires disclosure of all individuals likely to have discoverable information that may be used to support a party's claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless.**" Fed. R. Civ. P. 37(c)(1) (emphasis added).

In evaluating whether the noncompliance is "justified or harmless," courts weigh the following four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). In this case, consideration of these four factors does not warrant exclusion of Mr. Boling's testimony.

### I.  NO SURPRISE OR PREJUDICE

Failure to identify a witness by name is not fatal if the defendant is otherwise on notice of the legitimate possibility that such a witness will be called. *ClearOne Communications, Inc. v.*

*Biamp Systems*, 653 F.3d 1163 (10th Cir. 2011).  For example, in *ClearOne Communications, Inc. v. Biamp Systems*, the Tenth Circuit Court of Appeal affirmed the trial court's admission of expert witness testimony despite the fact the witness was disclosed only one week prior to trial and four months after the expert discovery cutoff.  *Id.* at 1176.  When analyzing the "surprise" factor, the Tenth Circuit noted that Defendant, Biamp had been aware of the plaintiff's discovery disputes with Defendant, WideBand regarding the subject evidence.  *Id.* at 1177.  Consequently, the court held that "Biamp should have anticipated the legitimate possibility that [the plaintiff] would seek to introduce [the] evidence . . . and would need to call a Global representative in order to do so."  *Id.*

In this case, Defendant cannot plausibly claim to have been surprised by the listing of Mr. Boling as a witness.  Mr. Boling is an employee of Ricketts Construction.  Defendant was well aware that Ricketts Construction performed the repairs to Muskogee Diagnostic Imaging, because Ricketts Construction was identified by Plaintiffs in its Supplemental Answers to Defendant's Interrogatories served on May 31, 2011.  Ricketts Construction was also identified in the discovery process as being involved with the removal of fire debris from the building. [*See* Brady Dep. pg. 19-25, Nov. 2, 2011, excerpt attached hereto as Exhibit "A".]  Furthermore, Defendant acted on the information provided and served Ricketts Construction with a Notice of Subpoena Duces Tecum on July 26, 2011.

Although Defendant alleges that Mr. Boling was not specifically identified prior to December 14, 2011, Mr. Boling's identity was made known to Defendant via documents it received in response to the July 26, 2011, subpoena.  Specifically, on August 8, 2011, Defendant received several documents, including a Job Ledger Report.  That Job Ledger Report expressly lists "Clint A. Boling" as having been involved with the repair process.  [*See* Job Ledger Report

3

excerpt, attached hereto as Exhibit "B."] Furthermore, although Mr. Boling was not identified by name in the initial disclosures, Plaintiffs specifically included in its disclosures "Any person identified during the course of discovery" and "Any person identified in any document produced by any party in this matter." [Dkt. 29.] Based on this information, Defendant cannot claim true surprise at the listing of an employee from Ricketts Construction who may testify regarding damages and other evidence issues. In fact, during the deposition of Michael Brady, counsel for Defendant asked several questions regarding Mr. Boling's involvement. [*See* Brady Dep. pg. 31-35; 49-57, Nov. 2, 2011, excerpts attached hereto as Exhibit "A".]

Given Defendant was previously provided information regarding Plaintiffs' damages and has had several months to review every document provided by Ricketts Construction, Defendant's claim that is has been prejudiced is also without merit. As discussed in the section below, Defendant was in a position to prevent any alleged prejudiced any failed to do so.

## II. DEFENDANT HAD THE OPPORTUNITY TO PREVENT ANY ALLEGED PREJUDICE

Defendant claims that it has been prejudiced insofar as "it has been prevented from deposing Plaintiffs' trial witness and, thereafter, conducting further discovery necessitated by the testimony of that witness." [Dkt. 80.] However, Defendant was on notice that all persons identified via document production or other discovery methods may have potential information regarding the subject matter. [Dkt. 29.] After receiving a list of Ricketts Construction's employees that were involved with the repair process, Defendant could have deposed any of these individuals. However, Defendant chose not to do so to its own detriment.

Additionally, any prejudice suffered by Defendant is insignificant, because Defendant has been provided ample documentation of Plaintiffs' damages including all relevant documents from Ricketts Construction. This information gives Defendant the requisite information with

4

which to adequately cross examine Mr. Boling.  *See ClearOne Communications, Inc. v. Biamp Systems*, 653 F.3d 1163 (10th Cir. 2011) (holding any alleged prejudice was insignificant when the defendant was, or should have been, sufficiently equipped to cross-examine the witness).

Furthermore, Defendant claims it would be further prejudiced if this Court were to allow it to depose Mr. Boling after the discovery cut-off, because such a deposition would distract from its trial preparation.  [Dkt. 80.]  However, belated depositions are routinely granted as a method by which to cure any potential prejudice stemming from delayed disclosures.  *See ClearOne Communications, Inc. v. Biamp Systems*, 653 F.3d 1163 (10th Cir. 2011) (permitting deposition of previously undisclosed witness one day prior to trial).  Accordingly, even if Defendant has been prejudiced, which Plaintiffs do not conceded, any prejudice could be cured by permitting Defendant to depose Mr. Boling prior to trial.

### III.  MR. BOLING'S TESTIMONY WILL NOT DISRUPT THE TRIAL

Mr. Boling's testimony will not cause disruption of the trial, because his testimony deals with damages and evidence issues of which Defendant has been sufficiently apprised.  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co*., 170 F.3d 985 (10th Cir. 1999) (noting the testimony of a previously undisclosed witness was harmless when the defendant already knew the numbers upon which the witness based its calculations).  Defendant undoubtedly anticipated that Plaintiffs would be presenting evidence regarding damages and the removal of items from the fire scene.  Therefore, admission of Mr. Boling's testimony will not introduce new or unexpected issues.  Additionally, Defendant's trial preparations and the manner with which the trial unfolds will not be significantly altered.  Accordingly, this factor weighs in favor of admitting Mr. Boling's testimony.

**IV.     NO BAD FAITH OR WILLFULNESS ON THE PART OF PLAINTIFFS**

Finally, Defendant has not asserted bad faith or willfulness on the part of Plaintiffs, and the record refutes any such assertion.  Plaintiffs made numerous amendments to its discovery responses in an ongoing effort to comply with the applicable rules.  If the disclosure of Mr. Boling is considered untimely, one untimely disclosure in and of itself is not evidence of bad faith.  *See ClearOne Communications, Inc. v. Biamp Systems*, 653 F.3d 1163, 1178 (10th Cir. 2011).  Additionally, Plaintiffs did not deliberately hide the identity of Ricketts Construction or Mr. Boling, both of which were made known to Defendant in August of 2011.

**CONCLUSION**

Defendant should not have been surprised by the inclusion of Mr. Boling, because he was identified as an employee of Ricketts Construction several months prior.  Additionally, any alleged prejudice is insignificant and due in part by Defendant's failure to depose the listed employees of Ricketts Construction.  Most importantly, there was no bad faith or willfulness on the part of Plaintiffs.  Therefore, when all four factors are considered, the alleged noncompliance is "justified or harmless" and the testimony of Mr. Boling should be permitted.

WHEREFORE Plaintiffs, ASSURANCE COMPANY OF AMERICA, as subrogee of Park Plaza Inc., Dove Medical, Inc., and Dr. Timothy Robison, and HARTFORD CASUALTY INSURANCE COMPANY, as subrogee of Muskogee Diagnostic Imaging Center, respectfully request this Court deny Defendant's Motion in Limine to Exclude the Testimony of Clint Boling.

Respectfully submitted,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

*/s/ Mary Jo Kuusela*_____
Hobart M. Hind, Jr., *Admitted Pro Hac Vice*
Florida Bar No. 101590
hhind@butlerpappas.com
Mary Jo Kuusela, *Admitted Pro Hac Vice*
mkuusela@butlerpappas.com
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida  33602
Telephone:     (813) 281-1900
Facsimile:      (813) 281-0900

- and –

Dean S. Rauchwerger (admitted *pro hac vice*)
Michael S. Errera (admitted *pro hac vice*)
Clausen Miller P.C.
10 S. LaSalle Street, 16th Floor
Chicago, IL 60603
312-855-1010

- and –

Mark Warman
Wilkerson, Wassall & Warman, P.C.
15 West Sixth Street, Suite 2301
Tulsa, Oklahoma 74119-5412
918-582-4440
Attorneys for Plaintiffs

7

## **CERTIFICATE OF SERVICE**

      I certify that on January 12, 2012, Mary Jo Kuusela electronically filed the attached using the CM/ECF system which will send notification of this filing to the following listed attorneys:

| | |
|---|---|
| Randall E. Long, Esq. | Robert W. Littleton, Esq. |
| John H. Tucker, Esq. | Joseph Lipari, Esq. |
| Karry R. Lewis, Esq. | Littleton Joyce Ughetta Park & Kelly, LLP |
| Rhodes, Hieronymus, Jones, Tucker & Gable, P.L.L.C. | 39 Broadway 34th Floor |
| Post Office Box 21100 | New York, NY  10006 |
| Tulsa, OK  74121-1100 | |
| | |
| Dean S. Rauchwerger, Esq. | Mark A. Warman, Esq. |
| Michael Errera, Esq. | Wilkerson, Wassall & Warman, P.C. |
| Clausen Miller P.C. | 15 West Sixth Street, Suite 2301 |
| 10 South LaSalle Street | Tulsa, OK  74119 |
| Chicago, IL  60603 | |

                                              *s/ Mary Jo Kuusela*_____
                                              MARY JO KUUSELA, ESQ.